Randolph H. BATTY, Petitioner,

v.

DISTRICT OF COLUMBIA POLICE AND FIREFIGHTERS RETIREMENT AND RELIEF BOARD,

and

William R. Hairston, Respondents.

No. 87–005.

District of Columbia Court of Appeals.

Argued Nov. 19, 1987.
Decided Feb. 11, 1988.

Robert E. Deso, with whom James P. Wheeler, Washington, D.C., was on the brief, for petitioner.

Charlotte Brookins–Pruitt, Asst. Corp. Counsel, with whom Frederick D. Cooke, Acting Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondents.

Before MACK and STEADMAN, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

Randolph Batty, a police officer with the Metropolitan Police Department, does not challenge the finding of the Police and Firefighters Retirement and Relief Board (hereinafter "the Board") that he is permanently disabled because of a back injury from performing useful and efficient service for the Police Department; he does challenge the finding of the Board that he is ineligible for disability benefits under D.C.Code § 4–616(a) (1981) because the injury was not incurred in the performance of duty.[1] Finding that the Board's decision is not supported by substantial evidence in the record, we reverse and remand.

It is undisputed that petitioner suffered a series of job-related injuries in 1977, 1982, 1983, and 1984. The Board found, however, that there was a causal nexus between a prior nonperformance of duty injury sustained in 1976 and his currently diagnosed disability. Thus, the Board concluded that petitioner's back, as a result of the 1976 injury, was susceptible to subsequent aggravations, and that the injuries sustained in 1977, 1982, 1983, and 1984 were merely aggravations of a pre-existing off-duty injury.

We have grave problems with the reasoning of the Board in this respect. While Dr. Balkissoon, who is a member of the Board of Police and Fire Surgeons (and the only physician to testify on this record), testified that petitioner's back problems started with a "significant injury" to his back in 1976, he also testified that he could not say that the 1976 off-duty injury specifically caused petitioner's disability. Indeed, although Dr. Balkissoon's submitted recommendation speaks of cervical and lumbar strain connected with petitioner's 1976 off-duty injury, his testimony, gleaned from one 1976 report, revealed implicitly that the

---

1. As a result of the Board's decision, petitioner is entitled to retirement benefits under D.C.Code § 4–615(a) (1981).

primary injuries sustained at that time were to petitioner's head and neck. In fact, the physician testified that petitioner's on-duty 1982 injury, in which he was involved in a head-on collision, could have started the degenerative process which led to his disability. He stated that "it would be impossible for [him] to tell" if there was a connection between Officer Batty's 1976 off-duty injury and the on-duty injury he received in July 1982. Moreover, Dr. Balkissoon confirmed that Officer Batty's first sign of radicular pain in his back was *after* his 1982 on-duty accident. Given the ambiguity in petitioner's medical reports, Dr. Balkissoon's uncertainty in concluding that a causal nexus existed between Officer Batty's 1976 off-duty injury and his on-duty injuries, and his testimony that Officer Batty first exhibited symptoms of radicular pain after the 1982 on-duty accident, the Board's decision is unsupportable on this record.

On the other hand, Officer Batty's counsel read into the record a medical report, dated May 4, 1984, which stated that he "recovered ... rather promptly" from injuries he sustained in the 1976 off-duty accident. As to that injury, petitioner stated "[t]he significant pain in that injury ... was the neck.... [T]he weight of my head hurt my neck." The officer testified that from 1977 to 1982, he had no complaints of back pain. Moreover, it is undisputed that petitioner performed his duties without physical impairment during this time period.

However, in 1982, petitioner suffered a disc protrusion as a result of an on-duty injury. In 1984, petitioner suffered another on-duty injury—a ruptured disc which required surgery. With the exception of two light duty assignments, petitioner has not returned to active duty since the 1984 surgery. The record shows that petitioner's posture has been diminished and that he leans "considerably to the left." Under these circumstances a strong inference can

be drawn that petitioner's on-duty 1984 injury—the ruptured disc—was an aggravation of his previous on-duty injuries in 1982 and 1983. Likewise, a strong inference could also be drawn that petitioner was disabled as a result of the 1984 injury itself. The weight of the evidence—petitioner has suffered three major on-duty injuries to his back since 1982 under traumatic circumstances—does not support the Board's decision that the incidents were only aggravations.[2]

Recently, in *Baumgartner v. Police and Firemen's Retirement and Relief Board*, 527 A.2d 313 (D.C.1987), we stated that substantial evidence is "more than a mere scintilla"; it is evidence that a "reasonable mind might accept to support a conclusion." *Id.* at 316. Indeed, after petitioner made "a showing of a disabling on-duty injury, the burden shift[ed] to the government, which must then rebut ... with *substantial evidence* ... disprov[ing] the inference of causation by an on-duty injury." *Id.* at 315 (citation omitted; emphasis added). On the record, the government failed to disprove, with substantial evidence, "the inference of causation by an on-duty injury." Thus, we cannot say that the evidence relied upon to support the Board's decision is "more than a mere scintilla." In rejecting a Board decision based upon the same type of speculative evidence that a pre-existing off-duty injury was merely aggravated by injuries incurred in the line of duty, we concluded that "the Board's analysis of this evidence is too strained to survive appellate review." *Id.* The same is no less true on this record.

*Reversed and remanded for proceedings consistent with this opinion.*

---

**2.** As to job related injuries which could conceivably "aggravate," the District of Columbia has listed at least seven instances from April 1977 through 1981 involving such incidents as five altercations with suspects and a fall from a motor scooter. While none of the complaints following such injuries spoke of back pain, it is interesting to note the degree and frequency of risk related on-duty activity engaged in by the officer.